1
2
3
4
5
6

Rafael G. Nendel-Flores, Esq., SBN 223358
Guillermo Tello, Esq., SBN 277896
Yesi Lagunas, Esq., SBN 316008
**CLARK HILL LLP**
1055 West Seventh Street, Suite 2400
Los Angeles, CA 90017
Telephone:  (213) 891-9100
Facsimile:   (213) 488-1178
rnendelflores@ClarkHill.com
gtello@ClarkHill.com
ylagunas@ClarkHill.com

7

Attorneys for Defendant
L3HARRIS TECHNOLOGIES, INC.

8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

11
12
13
14
15
16
17
18
19
20
21
22
23

| | |
|---|---|
| RACHEL E. DIAZ, an individual, <br><br> Plaintiff, <br><br> v. <br><br> L3HARRIS TECHNOLOGIES, INC. d/b/a L3 OCEAN SYSTEMS, a Florida Corporation and DOES 1 through 50, Inclusive, <br><br> Defendant. | Case No. 2:20-CV-09250 <br><br> Assigned to: <br><br> **DEFENDANT L3HARRIS TECHNOLOGIES, INC.'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** <br><br> **[DIVERSITY JURISDICTION]** <br><br> *[Filed concurrently with Declarations of Beth Hoffman and Scott D. McDougal; Civil Cover Sheet; Certificate of Interested Parties; and Corporate Disclosure Statement]* <br><br> Complaint Filed:   July 22, 2020 <br> Trial Date:          Not yet set |

24
25
26
27
28

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, TO PLAINTIFF AND TO HER COUNSEL OF RECORD:**

1

**PLEASE TAKE NOTICE** that Defendant L3HARRIS TECHNOLOGIES, INC. ("L3Harris") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the grounds that: (1) there is complete diversity of citizenship between Plaintiff RACHEL E. DIAZ ("Plaintiff"), a citizen of the State of California, and L3Harris, a citizen of both the State of Delaware and the State of Florida; and (2) the amount in controversy exceeds the $75,000 threshold set forth in Section 1332(a).  The forgoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this Notice of Removal, as more fully set forth below on the following grounds.

## I.   STATE COURT ACTION

1.     On or about July 22, 2020, Plaintiff filed a complaint and demand for jury trial in this action against L3Harris entitled "*RACHEL E. DIAZ, an individual, Plaintiff, v. L3HARRIS TECHNOLOGIES, INC. d/b/a L3 OCEAN SYSTEMS, A Florida Corporation and DOES 1 through 50, Inclusive, Defendants,*" in the Los Angeles County Superior Court, Case Number 20STCV27617 ("State Court Action").

2.     On July 24, 2020, Plaintiff personally served L3Harris with the Complaint for Damages ("the Complaint"), Summons, and Notice of Case Assignment.  These documents were the initial pleadings received by Defendant setting forth the claims upon which this action is based and assigning a judge.  True and correct copies of these documents, along with all pleading, process, and other documents Defendant has received in this action are attached hereto as **Exhibit A**.

3.     The Complaint asserts the following causes of action: (1) Disability Discrimination Cal. Gov. Code § 12940(A); (2) Whistleblower Retaliation Cal. Labor Code § 1102.5(B); (3) Retaliation Cal. Gov. Code § 12940(A); (4) Failure to Prevent Discrimination Cal. Civ. Code § 12940(A); (5) Failure to Prevent Retaliation Cal. Gov. Code § 12940 (A); (6) Negligent Supervision and Training; (7) Vicarious Liability Gov.

/ / /

DEFENDANT L3HARRIS TECHNOLOGIES, INC.'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

Code § 815 (A); and (8) Negligent Infliction of Emotional Distress. *See* **Exhibit A**, Complaint.

4.     On  October 7, 2020, L3Harris timely filed an Answer to the Complaint in the State Court Action.  A true and correct copy of the Answer is attached hereto as **Exhibit B**.  Actions such "filing a pleading, such as an answer or demurrer, or other pleading raising a defense that might be conclusive on the merits," including a motion to dismiss as taken in state court do not waive a defendant's right to a federal forum.  *Koch v. Medici Ermete & Figli S.R.L.*, No. CV 13-1411 CAS PJWX, 2013 WL 1898544, at *3 (C.D. Cal. May 6, 2013); *Moore's Federal Practice*, § 107.18[3][a].

5.     Pursuant to 28 U.S.C. § 1446(d), L3Harris will provide prompt written notice of this Notice of Removal to all adverse parties and to the Clerk of the Los Angeles County Superior Court.

## II.     REMOVAL IS TIMELY

6.     According to 28 U.S.C. § 1446(b), removal based on diversity jurisdiction must occur within 30 days after service of the original pleading if diversity jurisdiction is demonstrated on the face of the pleading.

7.     However, this thirty-day time period in which a defendant must remove starts to run upon defendant's receipt of the initial pleading only if the pleading affirmatively reveals on its face the basis for removal—i.e., the citizenship of all parties and the amount in controversy. 28 U.S.C. § 1446(b)(3) ("if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.")  Put differently, a defendant's subjective knowledge and/or ability to inquire to obtain additional facts does not trigger commencement of the limitations period.  *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 691–92 (9th Cir. 2005) (the thirty-day limitations period for diversity-based removal of insured's action against diverse insurer and insurer's agent do not commence

DEFENDANT L3HARRIS TECHNOLOGIES, INC.'S PETITION AND NOTICE OF REMOVAL OF
CIVIL ACTION TO UNITED STATES DISTRICT COURT

with initial complaint, when the complaint reveals only residency of agent, not his current citizenship; limitations period began to run only when it became apparent that insured had abandoned his claims against agent, rendering diversity complete).

8.      In this case, the filing of this removal, which is within one year as this action was commenced on or about July 22, 2020, is timely.  The thirty-day time period for L3Harris to seek removal based on diversity jurisdiction did not start to run with the service of the Complaint because this pleading alleged only Plaintiff's residency (not her citizenship) and did not allege L3Harris' citizenship.  Moreover, the Complaint only alleges that the amount in controversy in this matter exceeds the sum of $50,000.00, and therefore does not reveal that the amount in controversy is in excess of the $75,000.00 threshold for removal on the basis of diversity jurisdiction.  See 28 U.S.C. § 1446(b)(3) (30 days deadline to remove from service is not applicable where "the case stated by the initial pleading is not removable[.]"); *CarMax Auto Superstores v. Hernandez*, 94 F.Supp.3d 1078, 1091 n. 38. (C.D. Cal. 2015.) ("A party's residence alone does not determine his or her citizenship for purposes of diversity jurisdiction.")  In other words, the case as stated in the Complaint was not removable at the time of service.  Instead, the basis for removal is only revealed by this very petition for removal.

9.      Therefore, L3Harris timely removed this action on October 8, 2020.

## III.   <u>REMOVAL IS PROPER BASED ON COMPLETE DIVERSITY OF CITIZENSHIP AMONG THE PARTIES</u>

10.      Plaintiff is a Citizen of California.  For diversity purposes, a person is a "citizen" of the state in which they are domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place where they reside with the intention to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  A person's residence is prima facie evidence of their domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013) citing *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) ("Evidence of a person's place of residence . . . is *prima facie* proof of [their]

4

DEFENDANT L3HARRIS TECHNOLOGIES, INC.'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

domicile.")  According to the Complaint, Plaintiff was domiciled in California both at the time that she filed the instant lawsuit and at all times during her employment with L3Harris. (**Exh. A**, Complaint at ¶ 1.)  Additionally, Plaintiff has lived and worked in California since at least January 2000.  (Declaration of Scott D. McDougal ("McDougal Decl."), at ¶ 3.)  As such, Plaintiff was, at the time that she filed the instant lawsuit, and still is domiciled in the State of California.

11.    L3Harris is a Citizen of Delaware and Florida.  A corporation is a citizen of both the state of incorporation and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1).  The Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).  In *Hertz,* the Court held that the "principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at 1184.  The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters - provided that the headquarters is the actual center of direction, control and coordination." *Id*.

12.    L3Harris was at the time the Complaint was filed, and still is, a company incorporated in the State of Delaware. (**Exh. A**; Declaration of Beth Hoffman ("Hoffman Decl."), at ¶ 3.)  Additionally, L3Harris' headquarters is located in Melbourne, Florida from where L3Harris' performs the vast majority of its corporate executive and administrative functions. (Hoffman Decl., at ¶ 4.)  As such, the Chairman and Chief Executive Officer, the Vice Chairman, President and Chief Operating Officer, the Senior Vice President and Chief Financial Officer, the Vice President and Chief Human Resources Officer, the Senior Vice President, General Counsel and Corporate Secretary and the Vice President, Principal Accounting Officer all are based out of L3Harris' headquarters. *Id.*  Accordingly, L3Harris is a citizen of Delaware and Florida.

/ / /

/ / /

13. Therefore, complete diversity among the parties exists. Thus, this timely Petition is based on complete diversity of the parties: Plaintiff a citizen of California and Defendant a citizen of Delaware and Florida.

## IV. THE AMOUNT IN CONTROVERSY EXCEEDS AN AGGREGATE OF $75,000, EXCLUSIVE OF INTERESTS AND COSTS

14. This Court has original jurisdiction over this action under United States Code, Title 28, section 1332(a) and 1441(a) on the basis that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

15. This Court's jurisdictional minimum, an amount in controversy in excess of $75,000, was satisfied at the time of the filing of this action, and still is satisfied, by the facts set forth herein and more specifically described below. Defendant discusses below the allegations in Plaintiff's Complaint that are the subject of this matter solely to demonstrate that the amount in controversy in this matter exceeds $75,000.00. In doing so, Defendant does not admit that Plaintiff is entitled to these damages.

16. In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorney's fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998).

17. The Complaint does not allege a specific damage amount as to each claim. Instead, Plaintiff only alleges that the matter "exceeds the sum of $50,000." (**Exh. A**, Complaint ¶ 12.) Removal is, therefore, proper if from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the value of Plaintiff's claims exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Lucett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). Here, based on Plaintiff's Complaint, the request for damages therein, and this Notice of Removal, it is more likely than not that the amount in controversy exceeds $75,000.00 in damages as discussed hereinafter.

18.   In her Complaint, Plaintiff seeks economic damages, including substantial losses in salary and benefits, and other compensatory damages.  (Complaint, at ¶¶ 44, 93, 143, 159, 173 and Prayer at ¶ 2.)   Plaintiff's claim for compensatory damages, including loss of prior and future earnings, must be based on her annual compensation during the time of her employment with L3Harris.  At the time Plaintiff's employment with L3Harris ended on or about September 5, 2018, Plaintiff was earning an annual base salary of $110,191.77. (McDougal Decl., ¶ 4.)   Therefore, by the filing of this notice of removal, approximately two years after her employment with L3Harris ended, **Plaintiff's unmitigated alleged lost past wages will total approximately $220,383.54**.  This item of damages sought alone satisfies the minimum in excess of $75,000.00 amount in controversy requirement.

19.   Additionally, Plaintiff has pled for the recovery of exemplary and/or punitive damages.  (Complaint, ¶¶ 111, 142-144, and Prayer at ¶ 4.)  The potential for a punitive damages award against L3Harris alone satisfies the amount in controversy.  California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds.  *Boyle v. Lorimar Productions, Inc.*, 13 F.3D 1357 (9th Cir. 1994).   "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943); *see also Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F. 2d 785 (9th Cir. 1963) (punitive damages are included in calculating the amount in controversy); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.")  In fact, in cases such as the instant action, the amount in controversy may be satisfied by the pleading of several different types of damages in the complaint, even though the removing party does not estimate the exact dollar amount of such damages.  *See Simmons v. PCR Technology*, 209 F. Supp. 2d

DEFENDANT L3HARRIS TECHNOLOGIES, INC.'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

1029, 1031-35 (N.D. Cal. 2002) (finding that the plaintiff's alleged loss income of $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional damages, punitive damages, and attorney's fees anticipated to incur through trial, satisfy the amount in controversy required to establish diversity jurisdiction.)  Thus, when considering the potential amount of all damages sought by Plaintiff, it easily becomes "more likely than not" that the amount at issue in this lawsuit far exceeds the minimum amount required for diversity jurisdiction.  *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860 (9th Cir. 1996).

20.   Unspecified mental and emotional distress damages are also properly considered in calculating the amount in controversy.  *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-1035 (N.D. Cal. 2002).   Plaintiff alleges that, as a direct, foreseeable, and proximate result of L3Harris' conduct, she has suffered and will continue to suffer "sever mental damages," "severe emotional distress," and "mental anguish and physical pain." (Complaint, ¶¶ 168, 170, 172.)

21.   Plaintiff also asserts that she is entitled to recover attorneys' fees pursuant to the California Government Code § 12965(b).  (See Complaint, ¶¶ 69, 112, 129, 145 and Prayer at ¶ 6.)   "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."  *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007).  Adding the potential damages for attorney's fees, it is factually apparent from the body of the Complaint that the damages sought by Plaintiff are well in excess of $75,000.  *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999) (holding claims exceeded $75,000 as alleged in the complaint because there were alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework); *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorney fees was

sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction).  A conservative estimate is that Plaintiff will likely seek attorney's fees equal to at least 25% of the total amount sought.  *See, e.g., Heejin Lim v. Helio, LLC*, 2012 WL 359304 at *3 (C.D.Cal.); *Altamirano v. Shaw Industries, Inc.*, 2013 WL 2950600 at * 13 (N.D. Cal.).

22.     Accordingly, it is factually apparent from the body of the Complaint that Plaintiff's claims, including unmitigated damages and reasonable interests at an annual rate of ten percent (10%) pursuant to state law, exceeds the jurisdictional amount.  *See White v. FCA USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc., combined with a claim for attorneys' fees and punitive damages, was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction, even though Plaintiff had only specified $13,000 in damages from lost income at the time of removal); *see also Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999) (holding claims exceeded $75,000 as alleged in the complaint because there were alleged damages for property, travel expenses, an emergency ambulance trip, a six-day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework.)

23.     Accordingly, it is more likely than not that the amount in controversy exceeds $75,000.00.

24.     As the alleged damages exceed this Court's jurisdictional limit and as the parties are of diverse citizenship, removal is proper.

## V.     SATISFACTION REQUIREMENTS OF 28 U.S.C. § 1446

25.     In accordance with 28 U.S.C. § 1446(a), this notice of removal is filed in the District Court of the United States in which the action is pending.  The Superior Court of California, County of Los Angeles, is located within the Central District of California-Western Division.  Therefore, venue is proper in this Court pursuant to 28

/ / /

DEFENDANT L3HARRIS TECHNOLOGIES, INC.'S PETITION AND NOTICE OF REMOVAL OF
CIVIL ACTION TO UNITED STATES DISTRICT COURT

U.S.C. § 84(a) because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 114(a).

26.    In accordance with 28 U.S.C. § 1446(a), this notice of removal is accompanied by Exhibit A, which is the Complaint, Summons, and Notice of Case Assignment, and Exhibit B, which is the Answer filed in Los Angeles County Superior Court, and declarations in support of removal.

27.    In accordance with 28 U.S.C. § 1446(b) and as detailed in paragraphs 1 through 9 *supra*, L3Harris' Notice of Removal is timely filed.

28.    In accordance with 28 U.S.C. § 1446(d), L3Harris will give written notice of the original removal of this action to Plaintiff via her counsel and file a copy of that Notice with the Superior Court of California, County of Los Angeles.

## VI.    **CONCLUSION**

29.    This is an action between citizens of California, Delaware, and Florida, and the matter in controversy exceeds $75,000.  Therefore, L3Harris respectfully requests that this Court exercise its diversity removal jurisdiction over this action.

30.    In the event this Court has a question regarding the propriety of this Notice of Removal, L3Harris respectfully requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the Court on the basis for this removal.

Dated:  October 8, 2020                    CLARK HILL LLP


By:   */s/ Guillermo M. Tello*
      Rafael G. Nendel-Flores
      Guillermo Tello
      Yesi Lagunas
      Attorneys for Defendant
      L3HARRIS TECHNOLOGIES, INC.