# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 07/22/2020 10:46 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

Case 2:20-cv-09250-JFW-KS   Document 1-2   Filed 10/08/20   Page 2 of 27   Page ID #:12

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Holly Fujie

**THEIDA SALAZAR** SBN: 295547
**LAW OFFICES OF THEIDA SALAZAR**
2140 North Hollywood Way #7192
Burbank, California 91510
P: (818) 433-7290
F: (818) 436-4009
E: salazarlawgroup@gmail.com

*Attorney for Plaintiff, Rachel E. Diaz*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA-UNLIMITED

## COUNTY OF LOS ANGELES

| | |
|---|---|
| RACHEL E. DIAZ, an Individual,<br><br>                Plaintiff,<br><br>v.<br><br>L3HARRIS TECHNOLOGIES, INC. d/b/a L3 OCEAN SYSTEMS, a Florida Corporation and DOES 1 through 50, Inclusive,<br><br>                Defendant. | Case No.:  20STCV27617<br><br>**COMPLAINT**<br><br>1. **DISABILITY DISCRIMINATION CAL. GOV. CODE §12940(A);**<br>2. **WHISTLEBLOWER RETALIATION CAL. LABOR CODE §1102.5(B);**<br>3. **RETALIATION CAL. GOV. CODE §12940(A);**<br>4. **FAILURE TO PREVENT DISCRIMINATION CAL. CIV. CODE §12940(A);**<br>5. **FAILURE TO PREVENT RETALIATION CAL. GOV. CODE §12940(A)**<br>6. **NEGLIGENT SUPERVISION AND TRAINING;**<br>7. **VICARIOUS LIABILITY PURSUANT TO GOV. CODE 815.2(A) AND**<br>8. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.**<br><br>**PLAINTIFF DEMANDS JURY TRIAL** |

Plaintiff, RACHEL DIAZ, by and through her attorneys of record, bring this Complaint against the above-named Defendant, L3HARRIS TECHNOLOGIES, INC. and in support alleges as follows alleges:

**PARTIES**

1. Plaintiff, RACHEL DIAZ ("Rachel") is an Individual and at all times mentioned in this Complaint was as a resident of Los Angeles County, California and at all times began her employment with Defendant.

2. Defendant, L3HARRIS TECHNOLOGIES, INC.  Doing Business As L3 OCEANS SYSTEMS ("L3HT/ Defendant") is a Foreign Florida Entity, that owns and operates an office in Los Angeles County and at all times mentioned in this Complaint is an employer within the meaning of Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq.  Defendant L3HT is a corporate entity that operates and conducts business in Sylmar California, and the unlawful employment practices stated herein were committed within the Sylmar, California.

3. As an employers and supervisors in California, Defendant L3HT is required to comply with all state and federal statutes, which prohibit harassment, discrimination and retaliation based on an individual's disability and truthful statements.

4. Plaintiff sues DOES 1 through 20, inclusive, herein under fictitious names. Plaintiff RACHEL DIAZ does not know their true names and capacities. When Plaintiff ascertains the DOE Defendant' true names and capacities, Plaintiff will amend this Complaint by inserting their true names and capacities. Plaintiff is informed and believes, and on the basis of that information and belief alleges each Defendant named herein as a DOE acted with the other Defendant and is responsible for the damages to Plaintiff herein alleged. Each reference in this Complaint to Defendant, or to any of them, also refers to all Defendant sued under fictitious names.

5. Plaintiff is informed and believes, and on the basis of that information and belief alleges each of the Defendant sued herein are the agents, servants, employees, licensees, guarantees, invitees, or assignees of each other, and in doing the things herein alleged acted within the course and scope of such agency, employment guaranty, assignment, license, invitation and/or relationship and with the full knowledge and consent of the other.

6. At all relevant times mentioned herein, Defendant aided and abetted the acts and omissions of the other Defendant in proximately causing the damages alleged herein.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

## JURISDICTION AND VENUE

7. Venue and Jurisdiction are proper in this Court under California Civil Code §410.10 and §395(a) of the California Code of Civil Procedure because all of the claims alleged herein arose in Los Angeles County.

8. This Court has personal jurisdiction over all Defendant as the legal violations occurred in Los Angeles County, and the Defendant conduct business in Los Angeles County, which is located within this judicial district.

9. Defendant is a non-profit business organization that owns, operates and employs in Los Angeles County in California. In Los Angeles County the Defendant violated the civil rights of Plaintiff on a continual basis which is the foundation of this case. This action is proper pursuant to California Code of Civil Procedure §393.

10. As Plaintiff's employer, during the relevant time period, Defendant, L3HT is technology corporation that is operating within the County of Los Angeles, State of California and employing persons through active job recruiting within the State of California.

11. Plaintiff, Rachel Diaz, filed a complaint with the California Department of Fair Employment and Housing ("DFEH") in or around August 30, 2019. Plaintiff's right to sue letter was immediately issued by the DFEH on August 30, 2019 and Rachel assigned Case Number DFEH No. 201908-07406130 which was subsequently closed DFEH, conferring the Rachel's Right to Sue. Thus, Plaintiff has exhausted all administrative remedies. (see attached hereto **Exhibit 1**)

12. The amount in controversy in this matter exceeds the sum of $50,000, exclusive of interest and costs.

## FACTUAL ALLEGATIONS

13. This case is a pervasive employment discrimination case whereby Defendant reprehensibly and repetitively violated several well established discrimination laws that was detrimental to Rachel and her employment record.

14. Solely pertaining to this case, Rachel began her employment with L3HT in January 2000 as Material Planner, as a regular full-time salaried professional.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

15. Rachel was an exemplary employee receiving two promotion during her employment with L3HT by 2007 which placed her in a position of master scheduler which is in direct communication with the VP of OPS.

16. Unfortunately in 2014, Rachel was diagnosed with cancer which required surgery in April and May 2014.

17. Fortunately, being the overcomer that she is, returned to work for L3HT which is undoubtedly a demonstration of her excellent work ethic and loyalty to L3HT.

18. In 2015, the company restructured, thus causing Rachel to receive an increased workload beyond her core job description duties. Additionally, Rachel now had to report to the operations manager.

19. Shockingly after years of employment, 15 years to be exact, suddenly Rachel receives a poor performance appraisal and evaluation; this was a shock because Rachel had never received a complaint or write-up in the 15 years of her employment with L3HT.

20. Nonetheless, Rachel did question Human Resources ("HR") regarding the tainted evaluation because Rachel knew the evaluation was due to her disabling condition of cancer. Upon questioning HR regarding the appraisal, HR employees simply told Rachel to take FMLA which is unavailable for salaried employees.

21. It is clear that HR failed for two years, 2015-2017, to communicate to Rachel that due to her disability she was entitled to FMLA SDI. This purposeful lack of information is the first red flag of disability discrimination in violation of the ADA.

22. Although Rachel found the poor appraisal odd she signed without a fight and continued to work for L3HT.

23. Egregiously, despite medical doctor notations and advice, Rachel worked relentlessly from April 2015 until March 2016 as the production load was split between two people (Rachel and her supervisor).

24. Due to the work overload, Rachel enrolled in SDI FMLA whereby by she had 90 days off from work to recuperate and get her illnesses (cancer, diabetes and extreme fatigue) under control.

25. The second red flag began on July 20, 2016, request for reasonable work accommodation, with doctor's endorsement that caused a series of unlikely red flag events.

26. Rather than approving the reasonable accommodation within a reasonable time after the request, L3HT spent approximately two and a half months researching Rachel's job description and duties to surmise to HR's denial of having a defined job description for Rachel; thus requiring a second meeting regarding reasonable accommodations and the second meeting occurred on September 7, 2016

27. The third red flag, on September 15, 2016 Rachel's doctor confirmed that she needed and required a reasonable accommodation for a reduced work schedule of 32 hours per week which is merely an 8 hour reduction.

28. That being said and recognized, L3HT assigned Rachel to work and report to L3HT's sister company which Rachel accepted and dedicated employment to L3HT.

29. During Rachel stint at the L3HT's sister company, Rachel's work duties included gap analysis, customize training, clean up database, detailed action plan to align both divisions with common software.

30. In fact, Rachel was responsible for cleaning databases for L3HT.

31. Moreover, while cleaning up the database, around October 28, 2016, Rachel disclosed in writing, a discovery of bad practices, which heavily implied unethical manufacturing against a significant government contract.

32. Unexpectedly, after receiving Rachel's email, the entire executive staff was at sister company the next day for a meeting where the General Manager ("GM") verbatim stated, "…don't ever put anything like that in writing again…"

33. Subsequently, the red flags start emerging on a frequent basis.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

34. Around, November 1, 2016 the VP of Finance and Manager of Supply Chain telephoned from Sylmar and began to question my assignment, my hours worked, etc., which was a question that could have been resolved with HR rather than harassing Rachel.

35. Rachel contacted the GM on the same day about afore-mentioned telephone interrogation. The General manage failed to respond to the complaint.

36. The disparate treatment continued when on November 18, 2016, GM emailed Rachel that she is to report to Manager of Supply Chain ("MSC") while at L3HT's sister company

37. In December 7, 2016, MSC in called meeting with the HR Director and Rachel whereby MSC and the HR Director denied Rachel's reasonable accommodations and unscrupulously attempted to get Rachel to enter zero hours worked for days she sought to be off for medical treatments.

38. Despite her know reasonable accommodations Rachel was, now, forced to produce doctor's notes for every treatment and if she failed to do so she would not receive wages for the missed days for medical treatment.

39. Between December 2016 to January 2017, L3HT and Rachel engaged in constant meetings and conversations regarding her disability and ADA requirements and laws which L3HT absolutely refused to comply with the ADA's reasonable accommodations required for Rachel.

40. Ultimately, on January 24, 2017, Rachel's physician determined her medical situation was a permanent disability and notated the same on Rachel's medical records.

41. Understanding at this point that L3HT was discriminating against her, Rachel Exhausted short-term disability, exhausted state SDI account and hardship 401ks.

42. Maliciously, in September 2018, L3HT terminated Rachel two days after her permanent disability status was disclosed.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

43. Rachel was shocked and disappointed that after 18.9 years of exemplary and dedicated employment, L3HT wrongfully terminated her 1.3 years before the vesting of the necessary eighty (80) points to retire.

44. L3HT's termination ensured they would not hold any responsibility for Rachel in the future because the termination resulted in Rachel not vesting for medical or pension benefits as normal vested employees receive.

45. For these reasons, Rachel files this employment discrimination and retaliation case against the Defendant.

### FIRST CAUSE OF ACTION
### DISABILITY DISCRIMINATION CAL. GOV. CODE §12940(A)

46. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through forty-five (45) as though fully set forth hereafter.

47. Fair Employment and Housing Government Code §12940(a) ("FEHA §12940(a)") states,

> "[i]t is an **unlawful employment practice**, (a)[f]or an **employer**, because of the race, religious creed, color, national origin, ancestry, **physical disability, mental disability, medical condition,** genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or **to discriminate against the person in compensation or in terms, conditions, or privileges of employment.**." (*bolded and italicized for emphasis*)

48. In this case, L3HT violated FEHA §12940(a) by intentionally purposefully allowing disability discrimination within its premises.

49. L3HT is the owner, director, supervisor that manages employees, specifically HR.

50. That Rachel was a known disabled employee for L3HT.

51. Rachel endured several statements and meetings regarding her ability to obtain reasonable accommodation for her proven disability.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

52. To add insult to injury, Rachel was ignored and became a part of a convoluted set of circumstances for obtaining reasonable accommodations.

53. The failure to know Rachel's job description as well as the requirement of doctor's notes beyond the standard notes are in and of itself evidence of disability discriminations.

54. Defendant failed to take reasonably adequate steps to prevent and correct discrimination based on disability in its workplace in California.

55. Rachel is a qualified individual with disabilities under the ADA because Rachel has physical and mental impairments, including cancer, diabetes and extreme fatigue that substantially limits one or more of her major life activities.

56. Moreover, in accordance with the ADA, L3HT has a medical record of said disability as well as being regarded as having the same.

57. Furthermore, regarding the employment herein, pursuant to the ADA, L3HT is a qualified employee with disabilities who, with reasonable accommodation, can perform the essential functions of the job for which she had been hired to perform.

58. Defendant failed to take reasonably adequate steps to prevent and correct discrimination based on disability in its workplace in California.

59. Rachel was subjected to pervasive discrimination due to her disabilities with comments that she was out of the office too often and constantly told that she should basically work for free take unpaid days off from work; this request is disparate treatment from other employees that get paid for days off under FMLA.

60. Most notably, Further, Defendant engaged in harassing tactics against Rachel with constant skepticism as well as negative comments.

61. Defendant subjected Rachel to disparate treatment by creating a hostile work environment hereby singling out Rachel because of her disability; thus rendering disparate treatment.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

62. Defendant, acting through and with its employees, discriminated illegally against Rachel.

63. Rachel charges that Defendant, L3HT, has discriminated against her based on her disability in that she is subjected to intentional acts and procedures.

64. Defendant failed and continues to fail to take reasonably adequate steps to prevent and correct its violation of disability discrimination laws in its workplace in California.

65. Thus, Defendant's acts and omissions were the substantial factor of the disability discrimination harm that Rachel endured in this matter.

66. In this case, Rachel was harmed emotionally as well as monetarily.

67. Rachel experiences and endures actual damages in an amount subject to proof at trial.

68. Defendant's actions are intentional and done with willful disregard for the well-established and well-known legal rights of Rachel.

69. Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

## SECOND CAUSE OF ACTION
### WHISTLEBLOWER RETALIATION CAL. LABOR CODE §1102.5(B

70. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through sixty-nine (69) above as though fully set forth hereafter.

71. California Labor Code §1102.5(b) states as follows,

> "*[a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information*, or because the *employer* believes that the employee disclosed or *may disclose information, to…a person with authority over the employee or another employee who has the authority* to investigate, discover, or *correct the violation or noncompliance…a violation of or noncompliance* with a local, state, or federal rule or *regulation*, regardless of whether disclosing the information is part of the employee's job duties." (*bolded and italicized for emphasis*)

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

72. Rachel meets the requirements to prove that the Defendant L3HT retaliated against her when she filed an email regarding the unethical acts that were directly against a government contract while expressing her rights for reasonable accommodations.

73. Most notably, the GM scolded Rachel for the disclosure and whistleblowing email by specifically stating, "don't ever put anything like that in writing again."

74. L3HT was Rachel's employer that controlled Rachel's employment.

75. It is clear that, L3HT believed and were fully aware of Rachel's ethical email especially given the aforementioned statement of the General Manager.

76. That L3HT in retaliation, ignored Rachel and her other complaints of the hostile work environment and disparate treatment that Rachel endured while employed by the Defendant.

77. It is clear and evidenced that Rachel's disclosures, complaints, reports and grievances were the contributing factor that lead to the despicable and unauthorized retaliatory conduct against Rachel.

78. The final stab of retaliation occurred when L3HT unjustifiably terminated Rachel.

79. These actions are purely abhorrent, disheartening and disrespectful.

80. Here, it is clear that L3HT's actions and failures to rectify the disturbing actions occurring caused Rachel harm financially and mentally.

81. Thus, Defendant's L3HT retaliatory conduct is the substantial factor of causing harm to Rachel in this matter.

82. Rachel experiences and endures actual damages in an amount subject to proof at trial.

## THIRD CAUSE OF ACTION
### RETALIATION PURSUANT TO FEHA §12955(A) (A)

83. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through eighty-two (82) above as though fully set forth hereafter.

84. Fair Employment and Housing Government Code §12940(h) ("FEHA §12940(h)") states "(h) [f] or any *employer…employment agency, or person* to *discharge, expel, or otherwise discriminate against any person* because the person *has opposed any practices forbidden* under this part or because the *person has filed a complaint*…." (bolded and italicized for emphasis)

85. Here, it is abundantly clear that Rachel filed complaints and grievances regarding the disability discrimination, violations and wrongful conduct of the Defendant.

86. Most notably, Rachel via email notified the Defendant of some unethical and unscrupulous activities of the Defendant L3HT and its' employees.

87. The facts indicate that the more Rachel stood solid in her rights to reasonable accommodations and the elimination of disability discrimination Defendant increased and strengthened its retaliation.

88. Again, L3HT was Rachel's employer thus Defendant controlled Rachel's employment.

89. It is clear that, L3HT was fully aware that Rachel disclosed and complained about improper conduct to several employees, specifically HR's employees.

90. That L3HT in retaliation, because Rachel refused to sign inaccurate statements regarding her employment and false evaluations and reports, L3HT did blatantly ignore grievances thereby forcing Rachel to endure the retaliatory hostile environment.

91. It is clear and evidenced that Rachel's disclosures, complaints, reports and grievances were the contributing factor that lead to L3HT despicable and unauthorized retaliatory conduct against Rachel.

92. L3HT retaliated against Rachel which is a direct violation of FEHA §12940(h).

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

93. Here, it is clear that L3HT's actions and failure to rectify the actions occurring caused Rachel's harm financially and mentally.

94. Thus, Defendant' L3HT retaliatory conduct is the substantial factor of causing harm to Rachel in this matter.

95. Rachel experiences and endures actual damages in an amount subject to proof at trial.

## FOURTH CAUSE OF ACTION
### FAILURE TO PREVENT DISCRIMINATION §12940(K)

96. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through ninety-five (95) above as though fully set forth hereafter.

97. Government Code §12940(k) ("Gov. Code§12940(k)") states, "it is unlawful for…[an entity to] (k) …*fail to take all reasonable steps necessary to prevent discrimination from occurring*.." (*bolded and italicized for emphasis*)

98. In this case, Defendant, L3HT violated Gov. Code §12940(k) by failing to ensure while failing provide proper responses, policies and procedures to prevent racial and gender employment discrimination.

99. That Rachel was a disabled employee.

100. That Defendant L3HT were the employers of Rachel during the time period of the facts and incidents mentioned in this Complaint.

101. It is clear that based upon the above-referenced facts, that L3HT subjected and allowed the subjugating disability discrimination of Rachel.

102. Thus, L3HT adversely allowed a definite hostile work environment caused by disability discrimination.

103. It was well known that L3HT's employees were discriminating, retaliating and subjecting Rachel to a hostile work environment which caused harm to Rachel.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

104. Despite the awareness of the complaints and grievances for the disability discrimination, Defendant L3HT failed to remedy and corrects said discriminatory acts leveled against Rachel.

105. Most horrendously, because of the failure to prevent the harassment and discrimination, Rachel felt extremely uncomfortable and consistently overly stressed in the hostile workplace which only exacerbated her disabling condition.

106. Defendant L3HT failed to take any reasonable steps to protect Rachel to prevent the disability discrimination.

107. Thus, Defendant's L3HT initial blatant omissions were the substantial factor of the disability discrimination harm that Rachel endured in this matter.

108. In this case, Rachel was harmed emotionally as well as monetarily.

109. Most importantly, L3HT failures to take any and all reasonable steps to prevent the discrimination were a substantial factor in causing confusion, anguish and unruly unprofessional behavior which created a hostile work environment.

110. Rachel experiences and endures actual damages in an amount subject to proof at trial.

111. Defendant L3HT omissions and failures were intentional and done with willful disregard for the well-established and well-known legal rights of Rachel.

112. Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

## FIFTH CAUSE OF ACTION
### FAILURE TO PREVENT RETALIATION §12940(K)

113. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through one hundred and twelve (112) above as though fully set forth hereafter.

114. Government Code §12940(k) ("Gov. Code§12940(k)") states, "it is unlawful for…[an entity to] (k) …*fail to take all reasonable steps necessary to prevent retaliation from occurring*.." (*bolded and italicized for emphasis*)

DIAZ COMP| 13

115. In this case, Defendant L3HT violated Gov. Code §12940(k) by failing to ensure while failing to enforcing policies to prevent retaliation at its offices.

116. That Rachel filed grievances and complaints regarding the lack of reasonable accommodations, the hostile workplace environment as well as unprofessional occurrences within the work place.

117. That L3HT failed to prevent retaliation after Rachel sent an email alerting the Defendant of illegal, unethical and breaching actions that were within L3Ht's files. .

118. It is clear that based upon the above-referenced facts, L3HT subjected and allowed the retaliatory conduct towards Rachel which included ignoring her complaints as well as her wrongful termination.

119. Thus, L3HT adversely allowed retaliation in work environment caused by disability discrimination and ethical whistleblowing email.

120. It was well known that L3HT and its employees were retaliating against Rachel.

121. Despite the awareness of the complaints and grievances for the retaliation, Defendant L3HT failed to remedy and correct said retaliatory acts leveled against Rachel.

122. It is obvious that L3HT's failures to prevent the retaliation, made Rachel extremely uncomfortable in the work environment because she knew the work environment changed to extremely hostile after the whistleblowing email.

123. Defendant L3HT failed to take any reasonable steps to protect Rachel to prevent the retaliation.

124. Thus, Defendant's L3HT initial blatant omissions were the substantial factor of the retaliatory harm that Rachel endured during her employment.

125. In this case, Rachel was harmed.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

126. Most importantly, Defendant' L3HT failure to take any and all reasonable steps to prevent the retaliation were a substantial factor in causing confusion, anguish and continuation of unruly retaliatory acts which created a hostile work environment.

127. Rachel experiences and endures actual damages in an amount subject to proof at trial.

128. Defendant L3HT omissions and failures were intentional and done with willful disregard for the well-established and well-known legal rights of Rachel.

129. Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

## SIXTH CAUSE OF ACTION
### NEGLIGENT SUPERVISION, HIRING AND TRAINING

130. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through one hundred and twenty-nine (129) above as though fully set forth hereafter.

131. Davis states that Defendant L3HT caused harm because of its negligent supervision of its employees, including HR.

132. A stated in California Court of Appeals, "[t]o establish negligent supervision, a plaintiff must show that a person in a supervisorial position over the [at fault employee] had prior knowledge of the [at fault]'s propensity to do the bad act." *Z.V. v. County of Riverside* (2015) 238 Cal.App.4th 889, 902)

133. Most importantly, Defendant, L3HT, know or should know of the obligation to maintain that L3HT stays free of employment discrimination and retaliation.

134. In this case, Defendant L3HT hired its employees, including HR employees.

135. L3HT knew of the propensity of its management and supervisors to cause emotional and financial injury to employees and therefore has knowledge of its potentially harmful effect upon employees, particularly employees who request redress for discriminating and retaliation acts.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

136. L3HT should be aware that its management and supervisors created a situation and hostile environment, which placed Rachel in danger of having her rights violated. Because of this awareness, L3HT should have taken protective measures to stop its management and supervisor illegal and immoral conduct toward Rachel; especially when Rachel submitted the whistleblowing email and complaints regarding disability discrimination.

137. Defendant L3HT knew that the conduct of its management, other supervisors and agents might result in a violation of employee's rights and L3HT failed to institute sufficiently effective training programs, which may have identified its management and supervisor illegal and immoral conduct and prevented further recurrences of discrimination including the specific ignoring Rachel's complaints regarding the overt discrimination and retaliation.

138. Defendant L3HT received notice that its management and supervisor are engaging in conduct that violates Rachel's rights when Rachel appropriately complained of her rights being violated given the circumstances.

139. Yet, L3HT failed to properly supervise and restrain its agents, supervisors and management from illegally discriminatory and retaliatory conduct.

140. Defendant, L3HT by creating an atmosphere whereby discrimination and retaliation are allowed to pervade and in which the ire of its agents, supervisors and management was raised, knew that its agents, supervisors and management might cause emotional and financial injury to a fellow employee and thereby authorizes and ratifies such unlawful and tortuous discriminatory and retaliatory conduct toward Rachel.

141. Defendant negligently hired and retained employment for the culprit employees despite the fact that said employees, including HR employees, engaged in pervasive discriminatory acts as well as retaliatory acts against Rachel which violates laws, good faith and public policy.

142. Defendant L3HT, and its employees, violated public policy in bad faith and deliberately chose to subject Rachel to unlawful discrimination and perpetuated the harm by oppressing and outright disrespecting Rachel.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

143.   Thus, as a result of each supervisor's, management's and agent's conduct and based upon the responsibility of L3HT, Rachel has suffered damages by Defendant and has suffered special, compensatory and punitive damages in an amount subject to proof at trial.

144.  L3HT actions are intentional and done with willful disregard for the well-established and well-known legal rights of Rachel.

145.  Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

## SEVENTH CAUSE OF ACTION
### VICARIOUS LIABILITY
### PURSUANT TO CALIFORNIA GOVERNMENT CODE §815.2(A)

146.  Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through one hundred and forty-five (145) above as though fully set forth hereafter.

147.  California Government Code §815.2(a) ("Gov. Code §815.2(a)") states "(a) [a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of her employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or her personal representative" (*bolded and italicized for emphasis*)

148.  Government Code §815.2 essentially supports that public entities are vicariously liable for their employees' common law negligence.

149.  In this case, L3HT violated Gov. Code §815.2(a) by its employees' discriminatory and retaliatory acts.

150.  That L3HT knew for months that discriminatory and retaliatory actions were wrong as well as against the well set employment laws of California.

151.  Defendant L3HT employs the HR staff as well as all other supervisory employees.

152.  Rachel while employed by L3HT endured discrimination and retaliation for years.

153. Rachel states that discrimination and retaliation cause harm to her mental and physical health.

154. However, Rachel also states and alleges that L3HT are responsible for the harm and damages because L3HT and its board members have control over its employees that unleashed discriminatory and retaliatory acts against Rachel.

155. Most notably, the discriminatory and retaliatory statements and acts occurred by employees while said discriminating employees were acting and working within the scope of her employment with Defendant L3HT while employees and supervisors, including HR employees were outwardly rendered harm to Rachel.

156. Further, L3HT intentional and blatant conduct of ignoring as well as failure to provide redress for the oppressive acts of its employees evidences the culpability of L3HT.

157. It is surely evidenced in this matter that HR Department and the HR employees had responsibility for some these demeaning discriminatory actions and blatant omission of accepting Rachel's complaint about the discrimination and reasonable accommodations for several months, failing to provide proper information to Rachel then despicably engaging in conduct that made it extremely difficult for Rachel to receive reasonable accommodations and regular pay.

158. Thus, Defendant, L3HT vicariously harmed Rachel.

159. As a proximate result of Defendant's L3HT vicarious liability conduct, Plaintiff has incurred economic damages in an amount according to proof.

160. As a result of L3HT vicarious liability, Rachel has incurred and suffered damages in an amount in excess of $50,000.00.

## NINTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

161. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through one hundred and sixty (160) above as though fully set forth hereafter.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

162. Rachel claims that the Defendant's negligent acts and conduct caused Rachel to suffer serious emotional distress; the physical pain was excruciating but the mental stress exacerbated Rachel's mental anguish.

163. Defendant's conduct was outrageous and reckless.

164. Defendant's compulsive and constant discrimination and retaliation caused harm to Rachel.

165. In fact, the mental stress caused Rachel's disability to become a permanent disability thus exacerbating her controlled disabilities.

166. Defendant acted with reckless disregard and outright unconsciousness regarding the fact that Rachel would suffer increased cancerous injuries thus simultaneously causing Rachel to endure emotional distress.

167. Defendant's senseless discrimination and despicable retaliation demonstrates the infliction of emotional distress.

168. That Rachel incurred severe mental damages from Defendant' acts and omissions in this matter.

169. Defendant acted maliciously and oppressively, in negligent disregard of Rachel's civil rights thus negligently causing emotional harm to Rachel.

170. Rachel suffers severe emotional distress for the wayward discriminatory and retaliatory he endure in the hostile work environment.

171. In this instance, Defendant reckless disregard caused Rachel's serious emotional distress.

172. Defendant's negligent conduct, Rachel experiences mental anguish as well as physical pain.

173. Defendant's negligently caused emotional distress which resulted in Rachel incurring, and will continue to incur, medical and related expenses.

174. As a direct and proximate result of Defendant's conduct, Rachel suffered general damages in an amount to be determined by proof at trial.

175. As a result of Defendant's negligent infliction of emotional distress, Plaintiff has been damaged and has suffered damages in an amount in excess of $50,000.00.

**WHEREFORE**, Plaintiff, RACHEL DIAZ prays for judgment against Defendant, and each of them as follows:

1. For general damages according to proof;
2. For medical and related expenses according to proof;
3. For prejudgment interest;
4. For punitive damages;
5. For post judgment interest;
6. For costs of suits incurred herein; and
7. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

DATED this day 22nd day of July, 2020.

**THEIDA SALAZAR SBN: 295547**
**LAW OFFICES OF THEIDA SALAZAR**
2140 North Hollywood Way #7192
Burbank, California 91510
P: (818) 433-7290
F: (818) 436-4009
E: *salazarlawgroup@gmail.com*

*Attorney for Plaintiff*
*Rachel Diaz*

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

174. As a direct and proximate result of Defendant's conduct, Rachel suffered general damages in an amount to be determined by proof at trial.

175. As a result of Defendant's negligent infliction of emotional distress, Plaintiff has been damaged and has suffered damages in an amount in excess of $50,000.00.

**WHEREFORE**, Plaintiff, RACHEL E. DIAZ prays for judgment against Defendant, and each of them as follows:

1. For general damages according to proof;
2. For medical and related expenses according to proof;
3. For prejudgment interest;
4. For punitive damages;
5. For post judgment interest;
6. For costs of suits incurred herein; and
7. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

DATED this day 22nd day of July, 2020.

**THEIDA SALAZAR SBN: 295547**
**LAW OFFICES OF THEIDA SALAZAR**
2140 North Hollywood Way #7192
Burbank, California 91510
P: (818) 433-7290
F: (818) 436-4009
E: *salazarlawgroup@gmail.com*

*Attorney for Plaintiff*
*Rachel E. Diaz*

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

# SALAZAR    LAW

# EXHIBIT I



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

COPY

August 30, 2019

Rachel Diaz
12711 Norlina Place
Granada Hills, CA 91344

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 201908-07406130
Right to Sue: Diaz / L3 Ocean Systems, Sylmar, CA c/o Alex Miseirvitch. et. al. et al.

Dear Rachel Diaz,

This letter informs you that Department of Fair Employment and Housing received your request for a Right to Sue. The above-referenced complaint was **filed on August 30, 2019** with the Department of Fair Employment and Housing. As of August 30, 2019, your case is closed. Department of Fair Employment and housing will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure letter or within 300 days of the alleged discriminatory act, whichever is earlier.
Sincerely,


Department of Fair Employment and Housing

Electronically FILED by Superior Court of California, County of Los Angeles on 07/22/2020 10:46 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk

Case 2:20-cv-09250-JFW-KS Document 1-3 Filed 10/08/20 Page 25 of 27 Page ID #:35

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

L3 HARRIS TECHNOLOGIES, INC. d/b/a L3 OCEAN SYSTEMS, a Florida Corporation and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RACHEL E. DIAZ, an Individual;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* LOS ANGELES SUPERIOR COURT 111 North Hill St. Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):* 20STCV27617 |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Theida Salazar, Esq. 2140 North Hollywood way, #7192 Burbank, CA 91510   Tel. 818.433.7290

| DATE: *(Fecha)* 7-22-2020 | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by *(Secretario)* R. Perez | , Deputy *(Adjunto)* |
| --- | --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>07/22/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Perez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |

| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20STCV27617 |
|---|---|

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Holly J. Fujie | 56 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 07/23/2020 _____
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Perez _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**