# EXHIBIT B

Rafael G. Nendel-Flores, Esq., SBN 223358
Guillermo Tello, Esq., SBN 277896
Yesi Lagunas, Esq., SBN 316008
**CLARK HILL LLP**
1055 West Seventh Street, Suite 2400
Los Angeles, CA 90017
Telephone:    (213) 891-9100
Facsimile:    (213) 488-1178
rnendelflores@ClarkHill.com
gtello@ClarkHill.com
ylagunas@ClarkHill.com

Attorneys for Defendant L3HARRIS TECHNOLOGIES, INC.
d/b/a L3 OCEAN SYSTEMS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| RACHEL E. DIAZ, an individual,<br><br>                    Plaintiff,<br><br>        v.<br><br>L3HARRIS TECHNOLOGIES, INC. d/b/a L3 OCEAN SYSTEMS, a Florida Corporation and DOES 1 through 50, Inclusive,<br><br>                    Defendant. | Case No. 20STCV27617<br><br>Assigned to:   Hon. Holly Fujie, Dept. 56<br><br>**DEFENDANT L3HARRIS TECHNOLOGIES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed:  July 22, 2020<br>Trial Date:           Not yet set |

**TO THE HONORABLE COURT, TO PLAINTIFF AND TO HER COUNSEL OF RECORD:**

Defendant L3HARRIS TECHNOLOGIES, INC. ("Defendant" or "L3Harris") hereby responds to Plaintiff RACHEL E. DIAZ's ("Plaintiff") Complaint for damages ("Complaint") as follows:

### GENERAL DENIAL

The Complaint being unverified and pursuant to Code of Civil Procedure Section 431.30(d), Defendant denies, generally and specifically, each, every and all of the allegations in the Complaint and specifically denies that they did or failed to do anything which in any way caused or contributed to the accident, event, episode, injuries, if any, or damages, if any, either as alleged, otherwise or at all; and specifically denies that Plaintiff has been or will be damaged in any sum or sums, either as alleged, otherwise or at all.

**AFFIRMATIVE DEFENSES**

Additionally, Defendant asserts the below affirmative defenses, based on information and belief, to preserve issues and not to constitute admissions or to shift any evidentiary burdens of proof or production. Therefore, without waiving or excusing Plaintiff own, and respective, burdens of proof and production of evidence, Defendant further alleges as and for its affirmative defenses to all causes of action asserted against it in the Complaint:

**FIRST AFFIRMATIVE DEFENSE**

1. The Complaint and each cause of action alleged therein are barred because this Court lacks subject matter jurisdiction.

**SECOND AFFIRMATIVE DEFENSE**

2. The causes of action alleged in the Complaint, or some of them, are barred by the applicable statutes of limitation, including, without limitation, *Code of Civil Procedure* sections 335.1, 337, 338, 339, 340 and 343*;* and *Government Code* §§ 12960(d) & 12965(b).

**THIRD AFFIRMATIVE DEFENSE**

3. This action, including all causes of action alleged in the Complaint, are subject to an enforceable binding arbitration agreement entered into between the parties, and bars this civil action. Therefore, pursuant to the California Arbitration Act (Code of Civil Procedure section 1280 et seq.) and the Federal Arbitration Act (9 U.S.C. sections 1-14), this action must be compelled in its entirety to private binding arbitration.

**FOURTH AFFIRMATIVE DEFENSE**

4. The Complaint and each cause of action alleged therein are barred by the doctrine of estoppel, release, and unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

5. The Complaint and each cause of action alleged therein are barred by the doctrines of laches and waiver.

///

///

///

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff, by the exercise of reasonable effort and/or care, could have mitigated the amount of damages alleged to have been suffered, but Plaintiff has failed, neglected and refused, and continues to fail, neglect and refuse to exercise a reasonable effort to mitigate any and all damages.

**SEVENTH AFFIRMATIVE DEFENSE**

7. The Complaint, including each purported cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff's claims are barred to the extent that she has released any of her purported claims against Defendant.

**NINTH AFFIRMATIVE DEFENSE**

9. The alleged damages, injuries, and/or losses suffered by Plaintiff, if any, proximately resulted from the negligence of parties, persons, and/or entities other than Defendant, and Defendant's liability, if any, is limited in direct proportion to the percentage of fault actually attributable to Defendant.

**TENTH AFFIRMATIVE DEFENSE**

10. If any damages have been sustained by Plaintiff, although such is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations of Plaintiff owed to Defendant against any judgment that may be entered against Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. The Complaint, including each purported cause of action therein, is barred because Defendant took all reasonable steps to prevent any alleged discrimination or retaliation. *Wellpoint Health Networks v. Superior Court*, 59 Cal. App. 4th 110 (1997).

**TWELFTH AFFIRMATIVE DEFENSE**

12. The Complaint, including each purported cause of action therein, is barred because Defendant had no knowledge that the Plaintiff was allegedly subjected to discrimination or retaliation. *Wellpoint Health Networks v. Superior Court*, 59 Cal. App. 4th 110 (1997).

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Plaintiff's claims are barred in whole or in part by the after-acquired evidence doctrine.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Plaintiff's claims are barred on the ground that there existed legitimate, non-discriminatory, and non-retaliatory reasons for the alleged acts of Defendant of which Plaintiff complains.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Plaintiff has failed to satisfy the statutory prerequisites to sue or have failed to exhaust their administrative, contractual and/or statutory remedies and/or otherwise comply with the provisions of the Fair Employment and Housing Act, Sections 12900, et seq., of the California Government Code.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Defendants acted reasonably, permissibly and in good faith, at all material times based on relevant facts and circumstances known to them at the time, or in conformity with and in reliance upon regulations, orders, practices, policies or procedures.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. Defendant did not engage in any discrimination or retaliation against Plaintiff.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. Pursuant to the doctrine of avoidable consequences, Plaintiff failed to complain and/or failed to complain promptly about any alleged retaliation or discrimination.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Defendant exercised reasonable care to prevent and promptly correct any retaliatory or discriminatory behavior in the workplace, if any existed.

/ / /

/ / /

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. Plaintiff's claims are barred because Plaintiff has failed to reasonably make use of Defendant's anti-discrimination and anti-retaliation policies and procedures, as well as the grievance options, mediation options, arbitration options, and other policies and procedures.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. The Complaint, to the extent that it seeks punitive damages, violates Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and Article 1, Section 17 of the California Constitution, and violates Defendants' right to substantive due process or due course as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the California Constitution. To the extent that Plaintiff's Complaint seeks punitive damages authorized under California law, no punitive damages may constitutionally be awarded because any statute allowing such an award is unconstitutional under the Due Process Clause of the Fourteenth Amendment and the California Constitution, because no law of California establishes the maximum punitive damage award which may be imposed in this case. Further, Plaintiff's Complaint does not state a claim for punitive damages pursuant to Civil Code Section 3294. Therefore, Plaintiff cannot recover punitive damages in this action.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. The Complaint, to the extent that it seeks punitive damages, violates Defendant's right to procedural due process or due course under the Fourteenth Amendment to the United States Constitution and Article 1, Section 7 of the California Constitution. Therefore, Plaintiff cannot recover punitive damages in this action.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24. Defendant alleges that Plaintiff is not entitled to recover punitive or exemplary damages because Plaintiff has failed to allege facts sufficient to state a claim for punitive or exemplary damages or to show that Defendant engaged in, approved or ratified oppressive, fraudulent, or malicious conduct, much less that such conduct was engaged, approved or ratified by an officer, director or managing agent of Defendants, which are corporate entities.

///

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Any and all claims by Plaintiff for damages stemming from alleged emotional, mental and/or physical distress or injury are preempted by the Workers' Compensation Act, Labor Code section 3200 et seq., as the alleged injuries arose as a result of and in the course and scope of their employment. The Court lacks subject matter jurisdiction over Plaintiff's claims and/or lacks the power to grant certain remedies which are within the exclusive province of the Workers' Compensation Appeals Board.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. The alleged claims, damages and purported causes of action in Plaintiff's Complaint are satisfied by offset and by the provisions of *California Code of Civ. Proc.* § 431.70.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Any recovery on Plaintiff's Complaint, or any purported cause of action therein, is barred because the disputed conduct of Defendant was privileged and/or justified. Any and all conduct of which Plaintiff complains, and which is attributed to Defendant – although liability is denied – was a proper exercise of management's discretion on the part of Defendant and was undertaken for a fair and reasonable business necessity and bona fide occupational qualification.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. Plaintiff's employment was terminable at the will of either Plaintiff or Defendant, at any time, with or without cause and with or without notice under Section 2922 of the California Labor Code.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29. Defendants took immediate and appropriate efforts to quickly and thoroughly investigate and remedy Plaintiff's complaints, if any.

### THIRTIETH AFFIRMATIVE DEFENSE

30. Any conduct of Defendant was not a substantial factor in bringing about the loss and damage complained of by Plaintiff, and, therefore, Defendant may not be held liable to Plaintiff as alleged.

///

///

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

31.  Any losses, injuries or damages to Plaintiff was proximately caused or contributed to by the criminal, negligent or other tortious acts, omissions, conduct or products of persons, entities or parties other than these answering Defendant, and that each, any, and all damages recoverable by Plaintiff must be diminished in proportion to the amount of fault attributable to said other persons, entities or parties, and there must be apportioned among all such persons, entities and parties the amount of damages attributed to them as an offset against damages, if any, awarded against Defendant.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

32.  Any loss, injury, or damage, if any, incurred by Plaintiff was the result of superseding or intervening causes arising from the criminal, negligent or willful acts or omissions of other parties including independent contractors which this answering Defendant neither controlled nor had the right to control, and that said loss, injury or damage was not proximately or legally caused by any act, omission, or other conduct of Defendant.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

33.  The Complaint and each and every cause of action contained therein, is barred, in whole or in part, because Defendant did not engage in the alleged discrimination or retaliation set forth in the Complaint, but even assuming for the sake of argument that it did, Defendant would have taken the same employment actions in any event for legitimate, non-discriminatory, non-retaliatory, and non-pretextual reasons.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

34.  The Complaint and each cause of action therein is barred on the grounds or to the extent that Defendant's decisions were, and are, based on their good faith business judgment.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

35.  Defendant alleges that Plaintiff, as a result of her alleged disability and medical conditions, was unable to perform the essential duties of her position with or without reasonable accommodation.

/ / /

/ / /

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

36. Defendant alleges that Plaintiff's purported causes of action are barred, in whole or in part, to the extent Plaintiff failed to provide a health-care provider's certification.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37. Defendant alleges that Plaintiff's purported causes of action are barred, in whole or in part, to the extent Plaintiff did not provide a written fitness for duty statement from her health-care provider.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38. Plaintiff is barred from any recovery in this action by virtue of the fact that Defendant reasonably accommodated Plaintiff.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

39. Plaintiff's disability posed a direct threat to the health or safety of others in the workplace that a reasonable accommodation could not eliminate.

### FORTIETH AFFIRMATIVE DEFENSE

40. The accommodation sought by Plaintiff for her alleged disabilities would impose an undue hardship on Defendant in that such an accommodation would be burdensome, or so restructure of their positions would necessarily eliminate the essential functions, or the supervision over and discipline of Plaintiff would be extinguished.

### FORTY-FIRST AFFIRMATIVE DEFENSE

41. Plaintiff was not entitled to the accommodation(s) that she allegedly requested because it was unreasonable.

### FORTY-SECOND AFFIRMATIVE DEFENSE

42. Plaintiff is barred from any recovery in this action by virtue of the fact that Defendant would have made the same decision regarding Plaintiff's employment even if Plaintiff had not engaged in protected activity.

///

///

///

**FORTY-THIRD AFFIRMATIVE DEFENSE**

43. Other defendants and persons or entities not named in the Complaint were careless, negligent or otherwise at fault and that this carelessness, negligence or fault proximately caused or contributed to the happening of the alleged incidents referred to in Plaintiff's Complaint.

**RIGHT TO ADD ADDITIONAL AFFIRMATIVE DEFENSES**

Because Plaintiff's claims are couched in broad and conclusory terms, and Defendant has not completed its investigation and discovery regarding the facts and claims asserted by Plaintiff, Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved. Defendant will move to amend its Answer, if necessary, to allege new affirmative defenses as they are ascertained or according to proof at time of trial.

**WHEREFORE**, this answering Defendant prays for relief as follows:

1. That Plaintiff takes nothing by way of this action;
2. That this action be dismissed in its entirety with prejudice;
3. That judgment be entered in favor of Defendant and against Plaintiff;
4. For an award of Defendant's costs of suit and attorneys' fees incurred herein; and
5. For such other and further relief as the Court deems just and proper.

Dated: October 7, 2020

CLARK HILL LLP

By: ______________________________

Rafael G. Nendel-Flores
Guillermo Tello
Yesi Lagunas
Attorneys for Defendant L3HARRIS TECHNOLOGIES, INC.
d/b/a L3 OCEAN SYSTEMS

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 1055 West Seventh Street, Suite 2400, Los Angeles, California 90017.

On **October 7, 2020**, I served the foregoing document(s) described as: **DEFENDANT L3HARRIS TECHNOLOGIES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action by placing the true copies thereof enclosed in a sealed envelope(s) addressed as follows:

| Theida Salazar, Esq.<br>Salazar Law Group<br>2140 North Hollywood Way, #7192<br>Burbank, CA 91510<br>Email: salazarlawgroup@gmail.com | *Attorneys for Plaintiff*<br>RACHEL E. DIAZ |
|---|---|

**[ X ]  BY MAIL:** I caused such envelope to be deposited in the mail at Los Angeles, CA 90017. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter day is more than 1 day after date of expiration of deposit for mailing in affidavit.

**[ X ]  BY ELECTRONIC TRANSMISSION:** The above-referenced documents were sent via electronic transmission to the addressee(s)'s email address as indicated on this Proof of Service.

**[ X ]  (STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **October 7, 2020**, at Los Angeles, California.

*Graciela Anchante* (signature)
Graciela Anchante

---

1
PROOF OF SERVICE