Rafael G. Nendel-Flores, Esq., SBN 223358
Guillermo Tello, Esq., SBN 277896
Yesi Lagunas, Esq., SBN 316008
**CLARK HILL LLP**
1055 West Seventh Street, Suite 2400
Los Angeles, CA 90017
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
rnendelflores@ClarkHill.com
gtello@ClarkHill.com
ylagunas@ClarkHill.com

Attorneys for Defendant
L3HARRIS TECHNOLOGIES, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RACHEL E. DIAZ, an individual,<br><br>                Plaintiff,<br><br>   v.<br><br>L3HARRIS TECHNOLOGIES, INC. d/b/a L3 OCEAN SYSTEMS, a Florida Corporation and DOES 1 through 50, Inclusive,<br><br>                Defendant. | Case No. 2:20-CV-09250-JFW-KS<br><br>Assigned to: *Hon. John F. Walter*<br>Magistrate Judge: *Hon. Karen L. Stevenson*<br><br>**JOINT SCHEDULING REPORT PURSUANT TO F.R.C.P. 26 AND LOCAL RULE 26-1**<br><br>**Scheduling Conference**:<br>**Date:** November 14, 2020<br>**Time**: 1:15 p.m.<br><br>Complaint Filed: July 22, 2020<br>Trial Date: Not yet set |

**TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

The parties, Defendant L3HARRIS TECHNOLOGIES, INC. ("Defendant" or "L3Harris") and Plaintiff RACHEL E. DIAZ ("Plaintiff") (collectively the "Parties"), by and through their respective counsel of record, jointly file this report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and Judge John F. Walter's Standing Order dated October 14, 2020.

Counsel for the Parties conducted their Rule 26 conference on October 29, 2020, and report the following:

### 1. COURT'S SUBJECT MATTER JURISDICTION

The court has subject matter jurisdiction on the basis that Defendant removed this case to Federal Court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the grounds that Plaintiff is a citizen of California alleging claims against a Defendant a citizen of Delaware and Florida and the amount in controversy exceeds $75,000.

### 2. CHRONOLOGY OF FACTS AND FACTUAL ISSUES IN DISPUTE

**Plaintiff**: In April 2014, while employed by L3Harris, Plaintiff became ill and as a result of her illness required surgery and her surgeon placed her on eight-week work restriction to recover from surgery. In March 2016, Plaintiff again became ill and Dr. Samuel Mogul (her primary physician) imposed work restrictions of approximately three months. In July 2016, Plaintiff requested further accommodations for, inter alia, a modified work schedule and modified work responsibilities via Dr. Mogul. Upon Plaintiff's initiative, L3Harris' Director of Human Resources and Plaintiff's supervisor engaged in the interactive process and provided Plaintiff reasonable accommodations. Plaintiff at the request of her doctor was attempting to reduce her work schedule from a forty-hour week to thirty-two hours. However, Defendants would not agree to the thirty-two hour work week. Furthermore, Defendants insisted she travel as a part of her duties and on September 19, 2016 Defendants assigned her to MariPro in Goleta, California. Plaintiff alleges this was done in an attempt to compel her to resign as it was cumbersome and made it difficult for her to attend chemotherapy treatments which Defendant was aware she was undergoing. In January 2017, Plaintiff's physician-imposed work restrictions of approximately six months and placed her on short-term disability. As Plaintiff's anticipated return to work date approached, Plaintiff's physician notified L3Harris that her disability was extended for an additional three months. In October 2017, Plaintiff's physician again notified L3Harris that Plaintiffs disability was extended to

January 2018. In January 2018, Plaintiff's physician wrote a letter to defendant on behalf of Plaintiff stating her disability should be extended for an additional seven months, until July 2018. L3Harris granted Plaintiff's accommodation request and extended her leave.

**Defendant:** L3Harris employed Plaintiff as a master scheduler. In April 2014, while employed by L3Harris, Plaintiff became ill and as an accommodation requested a one month leave of absence. L3Harris granted Plaintiff's accommodation request. In March 2016, Plaintiff again became ill and as an accommodation requested a leave of absence of approximately three months. L3Harris granted Plaintiff's accommodation request.

In July 2016, Plaintiff requested further accommodations for, *inter alia*, a modified work schedule and work responsibilities. L3 Harris' Director of Human Resources, Plaintiff's supervisor, and Operations Manager all engaged in the interactive process with Plaintiff and provided Plaintiff reasonable accommodations.

In January 2017, Plaintiff requested as an accommodation a third leave of absence of approximately six months. L3Harris granted Plaintiff's accommodation request. As Plaintiff neared her initial return to work date, Plaintiff notified L3Harris that she needed to extend her leave for an additional three months. L3Harris granted Plaintiff's accommodation request and extend her leave of absence. In October 2017, Plaintiff again notified L3Harris that she would need to extend her leave of absence to January 2018. L3Harris again granted Plaintiff's accommodation request to extend her leave. In January 2018, Plaintiff requested yet another extension to her leave of absence for an additional seven months, until July 2018. Once again, L3Harris granted Plaintiff's accommodation request and extended her leave.

**Undisputed:** After Plaintiff was unable to return to work in July 2018, L3Harris reached out to Plaintiff. Plaintiff informed L3Harris that her treating medical provider had not yet authorized her to return to work. L3Harris agreed to wait for Plaintiff's treating medical provider to update her work status. Then, in August 2018, Plaintiff informed L3Harris that her medical provider declared her to suffer a permanent disability and

thereon plaintiff's physicians requested to extend her leave until at least January 2019. After accommodating Plaintiff's accommodation requests and numerous leave of absence extensions for over a year and a half, and upon being informed that Plaintiff had a permanent disability that would require her to remain out of work for an indefinite period of time, on or about September 5, 2018, L3Harris terminated Plaintiff's employment.

<u>The factual disputes known to the Parties, at this time, are as follows:</u>

1. Whether Plaintiff's multiple requests for extension of time to her leave of absence amounts to a request for an indefinite leave of absence;
2. Whether after September 5, 2018, Plaintiff's doctor ever released her to return to work, with or without restrictions;
3. Whether Plaintiff took any actions to mitigate her alleged lost wages and loss of future wages;
4. Whether Plaintiff took any actions to mitigate her alleged emotional distress;
5. Whether Plaintiff's emotional distress was a pre-existing condition and/or caused by causes not within Defendant's control;
6. Whether any of Defendant's action caused or contributed to Plaintiff's emotional distress;
7. Whether Defendant failed or refused to provide Plaintiff with any reasonable accommodation;
8. Whether Plaintiff ever complained, reported or otherwise ever disclosed an alleged violation of any specific statute, rule or regulation;
9. Whether Defendant failed or refused to take reasonable steps to address Plaintiff's complaint, concerns, and/or requests, if any;
10. Whether Defendant had any discriminatory or retaliatory motives in deciding to terminate Plaintiff's employment;

///

///

///

**3.     DISPUTED POINTS OF LAW**

The disputed points of law are as follows:

<u>Disability Discrimination:</u>

1. Whether Plaintiff could perform the essential duties of her job with or without reasonable accommodation;
2. Whether Defendant subjected Plaintiff to adverse employment action because of her disability;
3. Whether Defendant's decision to terminate Plaintiff's employment was based on legitimate, non-discriminatory reasons;
4. Whether Defendant's proffered legitimate, non-discriminatory reason for terminating Plaintiff's employment is pretext for disability discrimination.

<u>Whistleblower Retaliation:</u>

1. Whether Plaintiff engaged in protected activity;
2. Whether Plaintiff's purported protected activity involved disclosure of information that revealed an alleged violation of a specific statute, rule or regulation;
3. Whether there is a causal connection between Plaintiff purported protected activity and Defendant's decision to terminate Plaintiff's employment;
5.  Whether Defendant's decision to terminate Plaintiff's employment was based on legitimate, non-retaliatory reasons;
4. Whether Defendant's proffered legitimate, non-retaliatory reason for terminating Plaintiff's employment is pretext for retaliation.

<u>FEHA Retaliation:</u>

1. Whether Plaintiff engaged in protected activity;
2. Whether there is a causal connection between Plaintiff purported protected activity and Defendant's decision to terminate Plaintiff's employment;
3. Whether Defendant's decision to terminate Plaintiff's employment was based on legitimate, non-retaliatory reasons;

4. Whether Defendant's proffered legitimate, non-retaliatory reason for terminating Plaintiff's employment is pretext for retaliation.

<u>Failure to Prevent Discrimination or Retaliation</u>:

1. Whether Plaintiff was subjected to disability discrimination;
2. Whether Plaintiff was subjected to retaliation;
3. Whether Defendant failed to take reasonable steps to prevent discrimination;
4. Whether Defendant failed to take reasonable steps to prevent retaliation;
5. Whether Defendant alleged failure caused Plaintiff to suffer injury, damage, loss or harm.

<u>Negligent Supervision and Training:</u> Plaintiff's Sixth Cause of Action which arise solely out of her employment relationship with L3Harris is subject to the exclusive jurisdiction of the Workers Compensation Act and should be dismissed. *See Cal. Const., Art. XIV; Ca Lab. Code sections 3600(a); 5300.*

<u>Negligent Infliction of Emotional Distress:</u> Plaintiff's Eighth Cause of Action which arise solely out of her employment relationship with L3Harris is subject to the exclusive jurisdiction of the Workers Compensation Act and should be dismissed. *See Cal. Const., Art. XIV; Ca Lab. Code sections 3600(a); 5300.*

<u>Vicarious Liability, Government Code 815.2(A):</u>  Plaintiff Seventh Cause of Action applies only to public entity employers and therefore cannot be maintained against L3Harris a private entity employer. *See Government Code* section 815.2.

## 4.   STATUS OF MATTERS SET BEFORE THE COURT

No prior or pending motions exist.  Defendant anticipates filing a Motion for Judgment on the Pleadings as to Plaintiff's Sixth and Eighth Causes of Action.

## 5.   AMENDMENT TO PLEADING

**Plaintiff**: Plaintiff does not anticipate filing an amendment to its Complaint at this time.

**Defendant**: Defendant does not anticipate filing an amendment to its Answer at this time.

**6.     INITIAL DISCLOSURES**

The parties agreed to exchange the initial disclosure required under FRCP 26(a)(1) by no later than November 6, 2020.

**7.     DISCOVERY AND PROPOSED DISCOVERY PLAN**

The parties do not anticipate limiting or modifying the scope of the discovery rules, except as noted below. The parties agree that discovery need not proceed in phases.

**Plaintiff:** Plaintiff anticipates conducting the following discovery to facilitate her claims, damages and dispute Defendant's claimed defenses:

1. Interrogatories;
2. Requests for Production;
3. Request for Admission;
4. Demands for Plaintiff's employment file and employment records;
5. Deposition of Plaintiff's Supervisors;
6. Depositions of any other witnesses Defendant identifies in their initial disclosures; and
7. Expert witness discovery

**Defendant**: Defendant anticipates conducting the following discovery to address the substance of Plaintiff's claims, alleged damages and support of Defendant's special and affirmative defenses:

1. Interrogatories;
2. Requests for Production;
3. Request for Admission;
4. Subpoenas for Plaintiff's relevant medical records;
5. Subpoenas for Plaintiff's relevant subsequent employment and employment application records;
6. Deposition of Plaintiff Rachel Diaz;
7. Depositions of any other witnesses Plaintiff identifies in her initial disclosures;

      8. Expert witness discovery.

Defendant anticipates it will need more than seven (7) hours to complete Plaintiff's deposition. During the Rule 26(f) conference held on October 29, 2020, counsel for the Parties agreed to waive the seven (7) hour rule for Plaintiff's deposition.

## 8. RELATED CASES

There are no related cases or proceedings pending before another judge of this court or before another court or administrative body.

## 9. DAMAGES

Plaintiff seeks damages in excess of $50,000 for: (1) General damages for unspecified amount; (2) Special damages for unspecified amount; (3) Prejudgment interest; (4) Punitive damages; (5) Post judgment interest; (6) Costs of suit; (7) Attorney's fees; and (8) Other unspecified relief.

    **Plaintiff:** Plaintiff asserts she is entitled to relief in the form of monetary damages under state and federal statutes.

    **Defendant:** Defendant rejects that Plaintiff is entitled to any damages. However, if liability is established, Plaintiff's damages for lost wages cut off as of August 16, 2018 when her doctor deemed Plaintiff permanently disabled, placing her out of work for an indefinite period of time.

Also, absent proof that her doctor released Plaintiff to return to work on some date after August 16, 2018, Plaintiff is not entitled to front pay damages as it is her disability, not Defendant's action, that prevent her from returning to any comparable employment.

Further, Plaintiff's request for damages for medical and related expenses she has incurred must be adjudicated under California's workers' compensation system, not this civil action.

Finally, Plaintiff's emotional distress damages for loss of her job cannot be attributed to Defendant's actions as it is Plaintiff's own doctors who have prescribed her to remain off work for an indefinite period of time.

/ / /

## 10. CERTIFICATION AS TO INTERESTED PARTIES

**Plaintiff:** On November 4, 2020, Plaintiff filed the "Certification as to Interested Parties or Persons Pursuant to Local Rule 7.1-1." Plaintiff asserted that only Plaintiff Rachel Diaz and Defendant L3Harris Technologies, Inc. have a direct, pecuniary interested in the outcome of this matter. Additionally, Plaintiff asserts Defendant L3 Harris has a sister company named L3 MariPro, Inc., that is directly involved in the matter based upon Plaintiff being transferred to MariPro in September 2016.

**Defendant:** On October 8, 2020, Defendant filed the "Certification as to Interested Parties or Persons Pursuant to Local Rule 7.1-1." Defendant reasserted that only Plaintiff Rachel Diaz and Defendant L3Harris Technologies, Inc. have a direct, pecuniary interested in the outcome of this matter.

## 11. AGREED-UPON DATES

1) Discovery Cut-Off

   i) Non-Expert Discovery Cut-off: **July 9, 2021**

   ii) Initial Expert Disclosure Deadline: **June 11, 2021**

   iii) Rebuttal Expert Disclosure Deadline: **July 12, 2021**

   iv) Expert Discovery Cut-off:. **August 6, 2021**

2) Non-Dispositive Motions

   Filing Deadline: **August 9, 2021**

   Hearing: **September 6, 2021**

3) Pretrial Disclosures

   Disclosures exchange: **November 1, 2021**

   Objections due: **November 15, 2021**

4) Final Pretrial Conference: **December 6, 2021**

5) Proposed Trial Date: **December 13, 2021**

## 12. [NON-] JURY CASE

**Plaintiff:** Plaintiff requests a jury trial and anticipates such proceeding would take 7-10 court days.

9    Case No. 2:20-CV-09250-JFW-KS
JOINT SCHEDULING REPORT PURSUANT TO F.R.C.P. 26 AND LOCAL RULE 26-1

**Defendant**: Defendant requests a non-jury trial and estimates this trial will take 3-5 court days.

### 13. SETTLEMENT

The Parties discussed the possibility of alternative dispute resolution during their Rule 26 conference.

The Parties agree that private mediation and/or a settlement conference would provide adequate opportunity for the Parties to attempt to resolve this matter and avoid further litigation.

### 14. DESIGNATION OF COMPLEX LITIGATION

The Parties agree that this is not a complex case.

### 15. DISPOSITIVE MOTIONS

L3Harris anticipates filing a Motion for Judgment on the Pleadings as to Plaintiff Sixth, Seventh and Eighth Cause of Action.

As to Plaintiff's entire Complaint, L3Harris anticipates filing a Motion for Summary Judgment or, in the alternative, Partial Summary Judgement.

The Parties agree to follow the Local Rules for all dispositive motions as follows:

- Moving papers filed at least 28 days before the hearing date as per L.R. 6-1;
- Opposing papers to be filed by no later than 21 days before the hearing date as per L.R. 7-9; and
- Reply papers to be filed by no later than 14 days before the hearing date as per L.R. 7-10.

### 16. UNUSUAL LEGAL ISSUES

The Parties agree that this case does not present unusual legal issues.

### 17. BIFURCATION OR SEVERANCE OF ISSUES

**Plaintiff:** Plaintiff reserves the right to seek bifurcation of issues as might be appropriate based on the discovery conducted, including, but not limited to, bifurcation of punitive damages at trial.

/ / /

**Defendant**: Defendant reserves the right to seek bifurcation of issues as might be appropriate based on the discovery conducted, including, but not limited to, bifurcation of punitive damages at trial.

### 18.     COUNSELS' DECLARATION OF REGISTRATION AS ECF USERS

**Plaintiff:** On, October 30, 2020, counsel for Plaintiff, Theida Salazar filed the "Declaration of Lead Trial Counsel" and confirmed he is a registered "CM/ECF User," provided his e-mail address of record, and confirmed he is lead counsel and has read the Court's Standing Order and Local Rules.

**Defendant:** On October 26, 2020, counsel for L3Harris, Guillermo M. Tello filed the "Declaration of Lead Trial Counsel" as requested by the Minute Order and confirmed that he is a registered "CM/ECF User," provided his e-mail address of record, and confirmed that he is lead counsel and has read the Court's Standing Order and Local Rules.

Dated:  November 4, 2020               CLARK HILL LLP

                                       By:  */s/ Guillermo M. Tello*
                                            Rafael G. Nendel-Flores
                                            Guillermo Tello
                                            Yesi Lagunas
                                       Attorneys for Defendant
                                       L3HARRIS TECHNOLOGIES, INC.

Dated:  November 4, 2020               SALAZAR LAW GROUP

                                       By:  */s/ Theida Salazar*
                                            Theida Salazar
                                       Attorneys for Plaintiff
                                       RACHEL E. DIAZ

**SIGNATORY ATTESTATION**

The e-filing attorney hereby attests that concurrence in the content of the foregoing document and authorization to file the foregoing document has been obtained from the other signatory indicated by a conformed signature (/s/) within the foregoing e-filed document.

Dated: November 4, 2020           CLARK HILL LLP

By: */s/ Guillermo M. Tello*
    Rafael G. Nendel-Flores
    Guillermo Tello
    Yesi Lagunas
Attorneys for Defendant
L3HARRIS TECHNOLOGIES, INC.